# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

LEON D. BODLE,

        Plaintiff

v.

CHRISTOPHER KRINER, et al.,

        Defendants

CIVIL ACTION NO. **4:12-CV-02425**

(BRANN, J.)
(MEHALCHICK, M.J.)

## MEMORANDUM

This matter comes before this Court for a statutorily-mandated screening of Plaintiff's Amended Complaint (Doc. 13). The plaintiff, Leon Bodle, filed his initial Complaint on December 4, 2012 (Doc. 1). On June 10, 2013, this Court entered an Order (Doc. 15) dismissing Bodle's claims without prejudice and with leave to file an amended complaint within twenty-one (21) days. Bodle had already filed his Amended Complaint (Doc. 13) on April 25, 2013, following the issuance of the Report and Recommendation (Doc. 11) recommending dismissal of his claims without prejudice.

## I.    BACKGROUND

In dismissing Plaintiff's initial Complaint, this Court granted Plaintiff leave to amend the Complaint to correct the defects outlined by this Court. (*See* Report and Recommendation of April 8, 2013 (Doc. 11), adopted by Order of June 10, 2013 (Doc. 15)). Specifically, this Court found as follows:

1. Bodle's claims that the defendants withheld exculpatory evidence and that Defendants Kriner and Samar tampered with the recording of his confession were not cognizable unless or until Bodle's conviction has been set aside, pursuant to the favorable-termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. 11 at pp. 12-15).

2. Bodle's claim that Defendants Kriner and Samar destroyed or failed to preserve exculpatory evidence was also barred by the favorable-termination rule. (Doc. 11 at p. 15).

3. Bodle's claims against the municipal and supervisory defendants for failing to supervise the other defendants and for failing to have policies in place regarding the collection and storage of evidence were also barred by the favorable-termination rule. (Doc. 11 at p. 16).

4. Bodle's Complaint failed to state a claim of False Confession against Kriner and Samar. (Doc. 11 at p. 18).

5. Bodle's Complaint adequately stated a Fourth Amendment search and seizure claim against Defendants Kriner and Samar, but failed to state a Fourth Amendment claim against the municipal defendants. (Doc. 11 at p. 20).

6. Bodle's claims against the District Attorney Defendants were barred by the doctrine of absolute immunity. (Doc. 11 at p. 23).

7. Bodle's Complaint failed to state a claim upon which relief could be granted against Defendant Osokow based on his presence in the jury lounge. (Doc. 11 at p. 24).

8. Bodle's Complaint failed to state an access-to-the-courts claim upon which relief could be granted. (Doc. 11 at pp. 25-27).

9. Bodle's claims against the Pennsylvania Board of Probation and Parole and the Pennsylvania Sexual Offender Assessment Board were barred by the Eleventh Amendment. (Doc. 11 at p. 30).

10. Bodle's claims against Defendant Velkoff fail as he is shielded by absolute immunity. (Doc. 11 at p. 32).

In sum, the Court ordered that all claims be dismissed without prejudice, except the Fourth Amendment claim against Defendants Kriner and Samar, so that Bodle was allowed to file an Amended Complaint and attempt to state claims upon which relief may be granted. (*See* Report & Recommendation of April 8, 2013 (Doc. 11 at p. 34), adopted by Order of June 10, 2013 (Doc. 15)). However, when Bodle filed his Amended Complaint (Doc. 13), he alleged only the Fourth Amendment search and seizure claim against Defendants Kriner and Samar. In his Amended Complaint, Bodle does not reallege any of the other claims previously alleged

in his initial Complaint. Nonetheless, in his conclusory paragraph of the Amended Complaint, Bodle avers that he "reserve[s] the right to revisit issues listed in my original Civil Complaint following current, ongoing appeals of my Criminal case and a favorable outcome of a pending new trial."

II. **DISCUSSION**

　A. STANDARD OF REVIEW

The Prison Litigation Reform Act of 1995 (the "PLRA") obligates the Court to engage in a screening process. *See Vega v. Kyler*, C.A. No. 03-1936 (3d Cir. 2004), 2004 WL 229073 (non-precedential) (if prisoner pays filing fee, civil rights complaint is subject to review under 28 U.S.C. §1915(A), not 28 U.S.C. §1915(e)(2)(B)); *see also Vieux v. Smith*, 2007 U.S. Dist. LEXIS 40859, 2007 WL 1650579 (M.D.Pa. June 5, 2007); *Hartz v. Whalen*, 2008 WL 4107651 (M.D.Pa. July 29, 2008).

Section 1915(A) provides:

> (a)　Screening.- The court shall review, before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b)　Grounds for dismissal.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint –
>
>　　i.　is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>　　ii.　seeks monetary relief against defendant who is immune from such relief.

28 U.S.C. §1915(A).

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek

in his initial Complaint. Nonetheless, in his conclusory paragraph of the Amended Complaint, Bodle avers that he "reserve[s] the right to revisit issues listed in my original Civil Complaint following current, ongoing appeals of my Criminal case and a favorable outcome of a pending new trial."

II. **DISCUSSION**

　A. STANDARD OF REVIEW

The Prison Litigation Reform Act of 1995 (the "PLRA") obligates the Court to engage in a screening process. *See Vega v. Kyler*, C.A. No. 03-1936 (3d Cir. 2004), 2004 WL 229073 (non-precedential) (if prisoner pays filing fee, civil rights complaint is subject to review under 28 U.S.C. §1915(A), not 28 U.S.C. §1915(e)(2)(B)); *see also Vieux v. Smith*, 2007 U.S. Dist. LEXIS 40859, 2007 WL 1650579 (M.D.Pa. June 5, 2007); *Hartz v. Whalen*, 2008 WL 4107651 (M.D.Pa. July 29, 2008).

Section 1915(A) provides:

> (a)　Screening.- The court shall review, before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b)　Grounds for dismissal.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint –
>
>　　i.　is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>　　ii.　seeks monetary relief against defendant who is immune from such relief.

28 U.S.C. §1915(A).

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek

redress against government officials. *See* 28 U.S.C. §1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. §1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that … the action … fails to state a claim upon which relief may be granted. This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) continuing with our opinion in *Phillips[v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008) and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a p[arty] to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions

when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... p[arty] can prove facts that the ... p[arty] has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in order to state a valid cause of action a party must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." *Twombly,* 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

In keeping with the principles of *Twombly*, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal,* 556 U.S. at 679.

Thus, following *Twombly* and *Iqbal* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient

to raise the party's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the . . . well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged . . . are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the p[arty's] entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Fowler*, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a p[arty] must plead to state a claim.' *Iqbal*, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' *Id*. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' *Id*." *Santiago v. Warminster Tp.*, 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. A complaint filed by a pro se litigant is to be liberally construed and "'however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

  B. E<small>FFECT OF</small> A<small>MENDED</small> C<small>OMPLAINT</small>

As a matter of law, an amended complaint takes the place of the original complaint, effectively invalidating the original complaint. *Smith v. Price*, 2012 WL 1068159 (M.D.Pa. March 5, 2012); citing *Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.)*, 226 F.3d 160, 162 (2d Cir.2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); see 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies.... Once an amended pleading is interposed, the original pleading no longer performs any function in the case...."). Therefore, since the complaint in this case has been amended, Bodle's original complaint is now a nullity with no legal effect.

As a practical matter, the filing of amended and supplemental complaints effectively constitutes an abandonment of any prior complaints filed by a plaintiff. *Smith*, 2012 WL 1068159, *4. Bodle's amended complaint "must be complete in all respects; [i]t must be a new pleading which stands by itself as an adequate complaint without reference to the complaint

already filed." *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D.Pa.1992). In that case, then, the amended complaint, as it stands, would completely abandon all of Bodle's prior claims against the various defendants, including those claims on which he was granted leave to amend.

It does not appear that Bodle intended the wholesale abandonment of all prior claims, particularly in light of his closing paragraph, in which he revisits the claims in his original complaint. This Court finds that it would be unfair to Bodle to not grant leave to amend one final time, as it appears that he unwittingly abandoned several prior claims on which he was given leave to amend. As such, this Court will grant Bodle one final opportunity to amend his complaint.

The amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint[s] already filed. *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D.Pa.1992). *See e.g.*, *Biggins v. Danberg*, No. 10–732, 2012 WL 37132 (D.Del. Jan.6, 2012); *Quirindongo v. Federal Bureau of Prisons*, No. 10–1742, 2011 WL 2456624 (M.D.Pa. June 16, 2011). Bodle's Second Amended Complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), set forth in averments that are "concise, and direct," Fed.R.Civ.P. 8(e)(1), and stated in separately numbered paragraphs describing the date and time of the events alleged, and identifying wherever possible the participants in the acts about which the plaintiff complains. This complaint must be a new pleading which stands by itself as an adequate complaint without reference to any other pleading already filed. *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D.Pa.1992). The complaint should set forth plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs. It

should name proper defendants, specify the offending actions taken by a particular defendant, be signed, and indicate the nature of the relief sought. Further, the claims set forth in the complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants. *See Smith v. Price*, 2012 WL 1068159, \*5 (M.D.Pa. March 5, 2012).

### III. CONCLUSION

Based on the above, this Court grants Bodle twenty-one (21) days from the date of the Order accompanying this Memorandum to file a Second Amended Complaint. Failure to comply with this direction may result in the dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure. Upon filing, Bodle's second amended complaint may also be subject to a screening review by the Court to determine its legal sufficiency. *See* 28 U.S.C. §1915(e)(2)(B)(ii).

An appropriate Order follows.

BY THE COURT:

Dated: October 9, 2013

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**